Judge Owsley
delivered the opinion of the court.*
This is a contest for land under adverse claims, and turns upon the validity of the following entry, under which the appellants claim.
“1781, March 29—Terrell and Hawkins, assignees, &c. “enters a pre-emption warrant of 1000 acres, No. 1280, on “the head of the middle fork of the next creek that runs in “to Salt River, below Brasheres’ creek, on the north side "of the said river.”
Without examining the objections taken in argument to this entry, other than those resulting from the calls to lie on the head of the middle fork, we are of opinion it cannot be sustained.
That there may be streams possessing so preeminently a certain and definite source as to communicate to an entry calling for its head sufficient certainty and precision, is not to be controverted, but from the great difficulty which usually occurs as well in ascertaining the true source of, as in discriminating between sources of the same stream, an entry containing a locative call for the head of a water course, as has been frequently heretofore decided, must be considered prima facie bad.
And with respect to the entry now in question, instead of removing the unfavorable presumption resulting from the call to lie on the head, the other call for the middle fork demonstrates conclusively its insufficiency. For the record is totally destitute of evidence conducing in the slightest manner to prove that either fork, at the date of the entry, had, by reputation, acquired the name of the ‘middle fork;’ and from the many forks delineated on the connected plat, the one upon which the entry appears to have been surveyed, certainly cannot, with more propriety than others, be denominated the “middle fork.” The evidence, it is true, proves it to be the largest and main fork; but there is no *164 thing either in the natural or popular acceptation of the term which can justify the inference that, by the call of the middle fork, the locator intended to appropriate land upon the main fork.
Pope for appellant, Talbot for appellees.
The decree of the court below, therefore, dismissing the appellant’s bill, must be affirmed with cost.

Absent, Judge Rowan.